**Davy Lee WATERS et al.,
Plaintiffs–Appellants,**

v.

**Abbie JOSSIE, in her Official Capacity as Grants Pass Field Manager within the Galice Creek Mining District, Oregon, Bureau of Land Management, et al., Defendants–Appellees.**

**No. 06–35794.**

United States Court of Appeals,
Ninth Circuit.

---

Submitted May 21, 2007.*

Filed May 24, 2007.

James R. Dole, Esq., Schultz, Salisbury & Cauble, Grants Pass, OR, for Plaintiffs–Appellants.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

John T. Stahr, Esq., U.S. Department of Justice, Environment & Natural Resources Division, Washington, DC, Stephen J. Odell, Esq., Timothy Simmons, Jeffrey K. Handy, Esq., Office of the U.S. Attorney, Portland, OR, for Defendants–Appellees.

Before: KLEINFELD and GRABER, Circuit Judges, and MOSKOWITZ,** District Judge.

## MEMORANDUM ***

Davy Lee and Sannaraha Waters appeal from the district court's order denying their motion for attorney's fees and costs under the Equal Access to Justice Act ("EAJA"). We affirm.

The government was substantially justified in prosecuting the contest claim and litigating the civil action. *See* 28 U.S.C. § 2412(d)(1)(A). Originally, the Waterses proposed a mining operation that would mine between two hundred and four hundred yards per day. Based on an operation of this scale, the mineral examiner's original report concluded that there was no discovery of value.

The Supplemental Mineral Report, which was based on the revised production rates proposed by the Waterses, also concluded that there was no valuable discovery. The Supplemental Mineral Report improperly included in its calculations the

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

25% labor overhead surcharge for unemployment taxes, workers' compensation contributions, and social security contributions—costs that would not be incurred by the proposed "mom and pop" operation. However, other labor overhead costs, such as self-employment taxes, would apply to the proposed "mom and pop" operation. The Waterses did not produce any evidence of what the actual labor overhead costs would be.

When the government makes out a prima facie case of lack of discovery, the claimant must disprove the government's case by a preponderance of the evidence. *United States v. Taylor*, 19 I.B.L.A. 9, 23 (1975). However, the claimant need only preponderate on the issues raised by the evidence. *United States v. Hooker*, 48 I.B.L.A. 22, 27 (1980).

It is unclear how specifically an issue must be raised by the government in its prima facie case to shift the burden to the claimant—i.e., whether it is sufficient for the government to introduce evidence as to *any* labor overhead cost or whether the government must produce evidence of the specific labor overhead costs that apply to the proposed mining venture. This issue divided the IBLA en banc panel as well as this panel, which heard the Waterses' original appeal to the Ninth Circuit.

"Reasonable minds" could and did "differ" regarding whether the Waterses bore the burden of proof with respect to the labor overhead costs applicable to their proposed mining operation. *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir.2005). Therefore, the government was substantially justified in continuing to prosecute the contest claim and litigating the civil action. *See Pierce v. Underwood*, 487 U.S. 552, 569, 108 S.Ct. 2541, 101

L.Ed.2d 490 (1988) (noting that a string of successes can be indicative of the reasonableness of the government's position); *Bay Area Peace Navy v. United States*, 914 F.2d 1224, 1231 (9th Cir.1990) ("The disagreement within this panel regarding the merits of the government's appeal further suggests that a finding of substantial justification is appropriate.").

Because the district court was correct in ruling that the government's position was substantially justified, we need not reach the question whether the Waterses were prevailing parties. The district court did not abuse its discretion in denying the motion for attorney's fees and costs.

AFFIRMED.